IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Martin Kunai, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 1899 |
| Palisades Collection, LLC, a Delaware limited liability company, and Leading Edge Recovery Solutions, LLC, an Illinois limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Martin Kunai, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) one Defendant is headquartered here and both Defendants reside and transact business here.

**PARTIES**

3.      Plaintiff, Martin Kunai ("Kunai"), is a citizen of the State of Missouri, from whom Defendants attempted to collect a delinquent consumer debt owed for a First USA credit card, which was then allegedly owed to a bad debt buyer, Palisades

Collection, LLC.  These collection actions took place despite the fact that Mr. Kunai had told the Defendants that he refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

      4.      Defendant, Palisades Collection, LLC ("Palisades"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  In fact, Defendant Palisades was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

      5.      Defendant Palisades is a debt scavenger that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect through other debt collectors.

      6.      Defendant, Leading Edge Recovery Solutions, LLC ("LERS"), is an Illinois limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts from its headquarters in Chicago, Illinois.  LERS collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

      7.      Defendants Palisades and LERS are each authorized to conduct business in Illinois and maintain registered agents here, <u>see</u>, records from the Illinois Secretary of State, attached as Group Exhibit <u>A</u>.  In fact, Palisades and LERS each conduct business in Illinois.

8. Moreover, Defendant Palisades and LERS are each licensed as a collection agency in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Palisades and LERS each act as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

9. Mr. Kunai is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a First USA credit card. At some point in time after that debt became delinquent, Defendant Palisades bought Mr. Kunai's First USA debt. When Defendant Palisades began trying to collect this debt from him, by having Defendant LERS send him an initial collection letter, dated June 17, 2010, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions. A copy of this collection letter is attached as Exhibit C.

10. Accordingly, on August 6, 2010, one of Mr. Kunai's attorneys at LASPD informed Defendants Palisades and LERS, in writing, that Mr. Kunai was represented by counsel, and directed Defendants to cease contacting him, and to cease all further collection activities because Mr. Kunai was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Nonetheless, despite being advised that Mr. Kunai was represented by counsel and refused to pay the debt, Defendants sent Mr. Kunai another collection letter, dated January 14, 2011, which demanded payment of the First USA/Palisades debt. A copy of this collection letter is attached as Exhibit E.

12. Accordingly, on March 14, 2011, Mr. Kunai's attorneys at LASPD had to again inform Defendants that they must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit F.

13. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Mr. Kunai's agent/attorney, LASPD, told Defendants to cease communications and to cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew, or readily could have known, that Mr. Kunai was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendants, in writing (Exhibit D), that Mr. Kunai was represented by counsel, and had demanded a cessation of communications with Mr. Kunai. By directly sending Mr. Kunai collection letters, despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Martin Kunai, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Kunai, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Martin Kunai, demands trial by jury.

Martin Kunai,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: March 18, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com